UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDUARDO GARCIA,

                           PLAINTIFF,

         -AGAINST-

NEW YORK CITY, POLICE OFFICER ANDREW SCHULZ and SERGEANT KENNETH BRAUMANN, individually, and in their capacity as members of the New York City Police Department,

                         DEFENDANTS.

**SECOND AMENDED COMPLAINT**

**15-CV-3877 (CBA)(RML)**

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Eduardo Garcia ("Mr. Garcia") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 22, 2015, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Garcia to *inter alia* false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Garcia, is 18-years-old and at all times here relevant resided at 33-32 111 Street, Corona, Queens, NY 11368.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Andrew Schulz ("PO Schulz") and Sergeant Kenneth Braumann ("Sgt. Braumann") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Garcia is 18 years old.

11. On or about May 22, 2015, at approximately 12:00 am, Mr. Garcia was walking to his girlfriend's house.

12. Mr. Garcia was walking along Junction Drive and Roosevelt Avenue, towards 90th street, in Queens, New York.

13. Mr. Garcia crossed the street with a group of people, at a crosswalk.

14. Mr. Garcia saw an unmarked car driving toward him.

15. As Mr. Garcia was walking down the street, the unmarked car made a U-turn and pulled up beside Mr. Garcia.

16. PO Schulz and Sgt. Braumann got out of the car.

17. Both PO Schulz and Sgt. Braumann were in uniform.

18. PO Schulz approached Mr. Garcia and asked for identification.

19. One of the officers made a derogatory remark towards Mr. Garcia about Hispanic people.

20. Mr. Garcia did not have any identification with him.

21. Mr. Garcia repeatedly asked the officers "Why am I being stopped?"

22. PO Schulz then arrested Mr. Garcia and put him in handcuffs.

23. Sgt. Braumann said to PO Schulz, in sum and substance, "Just give him a ticket."

24. PO Schulz and Sgt. Braumann took Mr. Garcia to the 115th Precinct.

25. At the precinct, Mr. Garcia repeatedly asked why he was being arrested.

26. After several hours waiting in the precinct, Mr. Garcia was informed that he had been arrested for Jaywalking.

27. Mr. Garcia was arraigned and charged with Jaywalking.

28. On or about May 23, 2015, Mr. Garcia attended court and accepted an adjournment contemplating dismissal.

29. Mr. Garcia continues to feel traumatized by the events of May 2015, and is wary and fearful when he sees police officers.

30. Mr. Garcia takes efforts to avoid police officers when in public.

31. Mr. Garcia suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

32. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

33. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

34. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

35. Defendants confined plaintiff.

36. Plaintiff was aware of, and did not consent to, his confinement.

37. The confinement was not privileged.

38. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

41. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

42. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

43. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THRID CAUSE OF ACTION

(Failure to Intervene)

44. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

45. Defendant PO Schulz arrested plaintiff without probable cause or legal justification.

46. Defendant Sgt. Braumann knew, or should have known, that PO Schulz did not have probable cause or legal justification to arrest plaintiff.

47. Defendant Sgt. Braumann failed to intervene to prevent PO Schulz from arresting plaintiff without probable cause or legal justification.

48. Defendant Sgt. Braumann had sufficient time to intercede and had the capability to prevent PO Schulz from arresting plaintiff without probable cause or legal justification.

49. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          March 9, 2016

                                        By:      /s/
                                              Duncan Peterson (DP 7367)
                                              PetersonDelleCave LLP
                                              Attorney for Plaintiff
                                              233 Broadway, Suite 1800
                                              New York, NY 10279
                                              (212) 240-9075